UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-388-RJC
(3:08-cr-12-RJC-4)

| | |
|---|---|
| DANTE DILLARD, | ) |
| Petitioner, | ) |
| vs. | ) ORDER |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and Respondent's Motion to Dismiss, (Doc. No. 5).

**I.    BACKGROUND**

Petitioner was charged by Indictment with: Count (1), conspiracy to commit Hobbs Act robbery (18 U.S.C. § 1951); Count (2), Hobbs Act "robbery, in that they did unlawfully take property of the Value City Department Store … by means of actual and threatened force, violence, and fear of immediate and future injury" and aiding and abetting the same (18 U.S.C. §§ 1951 and 2); and Count (3), using and carrying one or more firearms during and in relation to a crime of violence, "that is, interference with commerce by threats of violence … as charged in Count Two" and aiding and abetting the same (18 U.S.C. §§ 924(c) and 2). (3:08-cr-12, Doc. No. 1).

Petitioner pled guilty to Counts (2) and (3) "as set forth in the Bill of Indictment" and admitted to being "in fact guilty as charged" in those counts in exchange for the Government's dismissal of Count (1). (Id., Doc. Nos. 87); see (Id., Doc. No. 89) (acceptance).

1

The Presentence Investigation Report ("PSR") scored Petitioner as a career offender with a guideline range of 262-327 months' imprisonment. (Id., Doc. No. 97 at ¶¶ 28-29). The Court adopted the PSR without change but imposed a below-guideline sentence of 210 months' imprisonment (150 months as to Count (2) and a consecutive 60-month term for Count (3)), and a total of five years of supervised release. (Id., Doc. Nos. 105, 106).

Petitioner filed the instant § 2255 Motion to Vacate through counsel on June 17, 2016 arguing that he does not qualify as a career offender and that his § 924(c) conviction is void pursuant to Johnson v. United States, 135 S.Ct. 2115 (2015).

This case was stayed for several years pursuant to the Fourth Circuit's consideration of United States v. Ali, Case No. 15-4433, United States v. Simms, Case No. 15-4640, and the United States Supreme Court's consideration of Beckles v. United States, Case No. 15-8544. (Doc. No. 4).

The United States filed a Motion to Dismiss arguing that Petitioner's claims are waived, procedurally barred, and foreclosed by Beckles v. United States, 137 S.Ct. 886 (2017) and United States v. Mathis, 932 F.3d 242 (4th Cir. 2019).

Petitioner filed a Response arguing that the predicate for the § 924(c) offense is ambiguous, that the ambiguity should be construed against the Government, and that the § 924(c) conviction is void because aiding and abetting Hobbs Act robbery and Hobbs Act conspiracy categorically fail to qualify as crimes of violence. Petitioner's claims that the statute of conviction is unconstitutional and that the indictment fails to state an offense cannot be waived or procedurally defaulted, and further, Petitioner can establish cause and prejudice because this claim is novel, as well as actual innocence of the § 924(c) conviction.

The Government filed a Reply, (Doc. No. 13), arguing that there is no ambiguity in the offense to which Petitioner pled guilty, that the predicate conviction for aiding and abetting Hobbs Act robbery is a crime of violence, Petitioner has not shown cause and prejudice or actual innocence to overcome his procedural bar, and the waiver of his post-conviction rights encompasses the challenge to the § 924(c) predicate.

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collater al attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

**(1) Waiver**

"[A] guilty plea constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). Thus, after a guilty plea, a defendant may not "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Blackledge v. Perry, 417

3

U.S. 21, 29-30 (1974). Rather, he is limited "to attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." Id. There are narrow exceptions to the enforceability of plea waivers such that "even a knowing and voluntary waiver of the right to appeal cannot bar the defendant from obtaining appellate review of certain claims" such as a sentence imposed in excess of the statutory maximum or a challenge to the validity of a guilty plea. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); see United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).

Petitioner contends that his post-conviction waiver is unenforceable because he pled guilty to a non-existent offense over which Court lacked jurisdiction to sentence him, and therefore, the § 924(c) conviction is void and he is actually innocent of that offense.

The Court need not address the validity and enforceability of the post-conviction waiver in Petitioner's guilty plea because his claims fail on the merits. See Section (3), *infra*.

**(2)** **Procedural Default**

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal citations omitted); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994).

4

Cause for procedural default exists "where a constitutional claim [was] so novel that its legal basis [was] not reasonably available to counsel." Reed v. Ross, 468 U.S. 1, 16 (1984). Actual prejudice is then shown by demonstrating that the error worked to petitioner's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a petitioner must show actual innocence by clear and convincing evidence. See Murray, 477 U.S. at 496.

Petitioner argues that his claim is not procedurally defaulted because he is raising a jurisdictional defect that cannot be procedurally defaulted. He further argues that he can demonstrate cause and prejudice because the attack on the § 924(c) conviction is novel. Assuming *arguendo* that Petitioner has demonstrated cause, his procedural default is not excused because he cannot show prejudice. The § 924(c) conviction is valid and is not undermined by a novel legal theory. See Section (3), *infra*.

Petitioner similarly argues that he is actually innocent of violating § 924(c) because there is no underlying crime of violence. However, the record conclusively refutes Petitioner's claim that he is innocent of violating § 924(c) so the actual innocence exception does not except him from the procedural default bar. See Section (3), *infra*; United States v. Terry, 788 Fed. Appx. 933 (4th Cir. 2020) (rejecting § 2255 petitioner's claim that he is actually innocent of the § 924(c) offense because Hobbs Act robbery constitutes a crime of violence under the § 924(c) force clause).

Petitioner's claims are therefore procedurally defaulted from collateral review and are subject to dismissal.

**(3)     Merits**

Petitioner contends that he was improperly sentenced as a career offender and that his § 924(c) conviction is invalid because the predicate offense of Hobbs Act conspiracy or aiding and abetting Hobbs Act robbery is not a crime of violence under § 924(c)'s force clause. Assuming *arguendo* that these claims were not waived or procedurally defaulted, they fail on the merits.

In Johnson, the United States Supreme Court announced that the Armed Career Criminal Act's ("ACCA") residual clause is void for vagueness, which is a retroactively applicable right. Id.; Welch v. United States, 136 S.Ct. 1257, 1265 (2016). The Supreme Court recently held that § 924(c)(3)(B)'s residual clause is likewise unconstitutionally vague. United States v. Davis, 139 S.Ct. 2319 (2019). However, "the Guidelines are not amenable to a vagueness challenge." Beckles v. United States, 137 S.Ct. 886, 894 (2017).

Petitioner's attempt to extend Johnson to his career offender sentence is squarely foreclosed by precedent. Beckles, 137 S.Ct. at 894.

Petitioner's challenge to his § 924(c) conviction is also meritless. Although the Supreme Court held in Davis that the residual clause in § 924(c)(3)(B) is unconstitutionally vague, that holding does not affect Petitioner's conviction because the predicate offense of Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c). United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019).

Petitioner's contention that the predicate offense for his § 924(c) conviction is ambiguous because it could have been predicated on Hobbs Act conspiracy is conclusively refuted by the record. Petitioner pled guilty in Count (2) to Hobbs Act robbery and aiding and abetting the same and in Count (3) to using and carrying a firearm during and in relation to a crime of violence, that is, "interference with commerce by threats and violence" in violation of 18 U.S.C. § 1951 as

6

charged in Count (2). (3:08-cr-12, Doc. No. 1 at 3). Petitioner's reliance on United States v. Simms, 914 F.3d 229 (4th Cir. 2019), in which the Fourth Circuit held that Hobbs Act conspiracy is not a crime of violence, is therefore misplaced. See Moore v. United States, 2019 WL 5454487 (W.D.N.C. Oct. 23, 2019) (rejecting argument that a Pinkerton[1] instruction essentially converted a Hobbs Act robbery conviction into a conviction for Hobbs Act conspiracy); United States v. Singleton, 2019 WL 3453662 (D.S.C. July 31, 2019) (distinguishing Hobbs Act conspiracy from Hobbs Act robbery under a theory of Pinkerton liability).

The Court further rejects Petitioner's argument that aiding and abetting Hobbs Act robbery is not a crime of violence. Aiding and abetting is not itself a federal offense, but simply "describes the way in which a defendant's conduct resulted in the violation of a particular law." United States v. Ashley, 606 F.3d 135, 143 (4th Cir. 2010); see 18 U.S.C. § 2(a) (providing that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."); United States v. Barefoot, 754 F.3d 226, 239 (4th Cir. 2014); United States v. Jaensch, 665 F.3d 83, 96 (4th Cir. 2011) ("Under 18 U.S.C. § 2(b), individuals who aid, abet, command, or induce a crime are punishable as principals."). Because an aider and abettor is responsible for the acts of the principal as a matter of law, an aider and abettor of Hobbs Act robbery "necessarily commits all of the elements of a principal Hobbs Act robbery." In re Colon, 826 F.3d 1301, 1305 (11th Cir. 2016). Because Hobbs Act robbery is a crime of violence under § 924(c)'s force clause, aiding and abetting Hobbs Act robbery also qualifies as a crime of violence under § 924(c)'s force clause. See id.; United States v. Richardson, 2020 WL 413491 (6th Cir. Jan. 27, 2020); United States v. Garcia-Ortiz, 904 F.3d 102, 109 (1st Cir. 2018); United States v. McKelvey, 773 Fed. Appx. 74, 75 (3d Cir. 2019); see also United

---

[1] Pinkerton v. United States, 328 U.S. 640 (1946).

7

States v. Brayboy, 789 Fed. Appx. 384 (4th Cir. 2020) (noting that, while the Fourth Circuit did not address aiding and abetting liability in Mathis, every circuit to have considered it has rejected it and therefore defendant failed to demonstrate plain error). As such, Petitioner's § 924(c) conviction predicated on aiding and abetting Hobbs Act robbery is valid.

The Court will, therefore, grant the Government's Motion to Dismiss and Petitioner's § 2255 Motion to Vacate will be dismissed and denied.

### IV.     CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss is granted and Petitioner's § 2255 Motion to Vacate is dismissed and denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Respondent's Motion to Dismiss, (Doc. No. 5), is **GRANTED**.

2. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** and **DENIED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: February 21, 2020

Robert J. Conrad, Jr.
United States District Judge